## JOHN HOOKER vs. SAMUEL HUBBARD.

A defendant, who, in an action against him on a promissory note, has availed himself by plea and proof of a subsequent note for the same amount as given in renewal thereof, and has prevailed on that defence, is estopped to set up, in defence against an action by the same plaintiff on the second note, that he gave it upon a condition which never was fulfilled; but not to set up a total or partial failure or want of consideration in the original note.

CONTRACT on the following promissory note: " Springfield, Nov. 14, 1866. Ninety days after date I promise to pay to the order of John Hooker $700, value received." Signed, " Mrs. M. L. Perry." Indorsed, " Samuel Hubbard." The answer, besides a general denial, alleged that the plaintiff obtained and was retaining possession of the note fraudulently; that the defendant " signed a blank note of the same date and amount as the note declared on, and delivered the same to Mrs. M. L. Perry, agent of the plaintiff, which said note, it was agreed between the plaintiff and the defendant, should be made payable to the plaintiff, and by him be first indorsed, and the defendant should be liable thereon as cosurety only, and not as indorser;" and that, " previously to the execution of the note in suit, the defendant indorsed a certain note for the accommodation of the plaintiff, and afterwards signed the note in suit as and for a renewal of said first signed note, and it was expressly agreed by the plaintiff and the defendant that the defendant should be held as accommodation indorser only on said first named note, and in accordance with the foregoing he signed this note in blank under an agreement with the plaintiff that the plaintiff should sign the same above the defendant's name, and the same should be negotiated and the proceeds applied to take up said first named note, and this should be in renewal thereof."

At the trial in the superior court, before *Brigham*, J., it was admitted that the note in suit was the same note relied on by this defendant in defence of a former action against him by this plaintiff, reported 97 Mass. 175, upon a promissory note signed by Mrs. Perry and dated September 10, 1866, for $700, payable two months after date to the order of this defendant, and

indorsed by him and also by the plaintiff; the record and all
the proceedings in the former action were put in evidence
" and the following facts were admitted, or proved by parol evi-
dence, in relation to the note in suit: On September 10, 1866,
Mrs. Perry made the note declared upon in the former action
payable to the defendant, and the same was indorsed by the de-
fendant and afterwards by the plaintiff. On November 14, being
the day after said note fell due and had been protested, the
plaintiff said to Mrs. Perry that, if she would go to Hartford
and get the defendant's note, payable to the plaintiff, for the
amount of the note of September 10, the plaintiff would indorse
it, and with it take up the note of September 10, then in the
bank. Mrs. Perry went to Hartford, and so stated to the defend-
ant. He refused to sign such a note, but afterwards indorsed
his name on the note in suit, and delivered it to Mrs. Perry, with
the direction and understanding that the plaintiff should sign as
maker and indorse it before it should be used as a note. Mrs.
Perry communicated this direction and understanding to the
plaintiff, who refused to sign or indorse the note, or receive it
for the purpose of taking up said note of September 10. After-
wards Mrs. Perry signed the note, and delivered it to the plain-
tiff for a separate consideration. The defendant also offered
parol evidence tending to prove that the note of September 10
was indorsed by the defendant for the accommodation of the
plaintiff; but the plaintiff denied that such was the fact. The
defendant also offered evidence which he contended would tend
to show that the note of September 10 was given for the benefit
of the plaintiff and the defendant, and that they were cosureties
on the same."

" The plaintiff objected to all the foregoing parol evidence,
and contended that the defendant was estopped by the judgment
in the former action from setting up any defence inconsistent
with the facts as exhibited and claimed in the record of the
former action; but the judge admitted the evidence. The de-
fendant then asked the judge to rule that, upon the admitted and
proved facts in the case, the plaintiff could not recover; that, the
note having been delivered upon a condition of which the plain-

tiff had knowledge, and that condition never having been fulfilled, it never became the note of the defendant, and could not be enforced by the plaintiff as a note. The plaintiff contended that, whatever might have been the character of the note in its inception, and however fraudulent the acts of Mrs. Perry in signing, or of the plaintiff in receiving the same, the defendant had, by his proceedings in the former case, ratified their doings, and made the note in suit his own note, and could not now set up any defence invalidating the same. But the judge ruled in accordance with the defendant's request, and directed the jury to find for the defendant." They returned a verdict in conformity with this direction; and the plaintiff alleged exceptions, which were argued at September term 1868.

*C. A. Winchester*, for the plaintiff.

*G. M. Stearns*, for the defendant.

Foster, J. In the former action between these parties, the defendant pleaded, in answer to a former note, that it had been paid by the one now in suit; and he prevailed upon this defence. *Hooker* v. *Hubbard*, 97 Mass. 175. He now insists that the present note, of which he has heretofore, by plea and proof, availed himself as payment of the former one, cannot be enforced against him, because it was delivered on a condition not fulfilled, and consequently never became a valid security.

Should this defence prevail, the defendant will obtain an unjust advantage, which it would be strange, indeed, if the principles of law were found impotent to prevent. In the opinion of the court, if the note now in suit was originally delivered upon a condition, when the defendant pleaded it as payment of another debt on which he was liable, he waived the right to take the benefit of the nonperformance of the condition, and ratified the absolute delivery of the present note. It could not have been effectual as a payment, unless it were a valid and binding instrument. Having treated it as such in the former action, and having then prevailed on that ground, he is now estopped to assert the contrary. To allow him to do so would be to permit him to impute to himself a fraud on the administration of justice in the former case.

VOL. VI.                16

If authority be needed to support a principle so plainly just, one precisely in point will be found in *Philadelphia, Wilmington & Baltimore Railroad Co.* v. *Howard*, 13 How. 307. In that case, it was held that a defendant corporation which had defeated an action of assumpsit, on the ground that the contract in suit was under its corporate seal, when afterwards sued in covenant on the same instrument, was estopped to deny that it had been duly sealed by the corporation as its deed. Mr. Justice Curtis said that the defendant was "within the principle of the common law, that, where a party asserts what he knows to be false, or does not know to be true, to another's loss and his own gain, he is guilty of a fraud; a fraud in fact, if he knows it to be false; a fraud in law, if he does not know it to be true. Certainly it would not mitigate the fraud if the false assertion were made in a court of justice, and a meritorious suit defeated thereby."

The rule of estoppel by a former verdict and judgment between the same parties is not confined to matters appearing on the record, but extends to every fact which can be shown by evidence to be necessarily involved in the first adjudication. Where a conclusion is indisputable, and could only have been drawn from certain premises, the premises are equally indisputable with the conclusion. *Burlen* v. *Shannon*, 99 Mass. 200. The judgment already rendered between the present parties established that the former note was paid by this one. To be valid as a payment, it must necessarily have been valid as a note. That it was so has therefore been judicially determined, and cannot now be controverted again. The learned judge at the trial having ruled otherwise, the

*Exceptions are sustained.*


At the new trial, before *Putnam*, J., the plaintiff put the note in evidence, and rested his case.

"The defendant then stated that he should prove in defence that this note was given in renewal of the note passed upon in the case reported 97 Mass. 175, between the same parties; also that the original note was signed by the defendant for the accom-

modation of the plaintiff, that the plaintiff received the whole proceeds of said original note, and that the defendant received no benefit therefrom.    He furthermore, in opening, said that the original note grew out of certain transactions between the plaintiff and the defendant, in which both were interested ; and, if the jury should not be satisfied that the note was given wholly for the plaintiff's accommodation, that they would at least be satisfied that it was signed by the defendant upon the understanding and agreement that the plaintiff and the defendant should be holden as cosureties upon the note, and that the relation between himself and the plaintiff was really that of cosureties.

" The plaintiff objected that these matters, opened by the defendant, were not admissible as evidence in this action, and that the defendant, having in the former action pleaded and proved that the note now sued on was given in payment of the former note, was now estopped to show that it was not such.

" The judge sustained this view of the plaintiff, and ruled that the judgment already rendered between these parties, upon the note in suit, established that the former note was paid by this one, that it had thus been judicially determined that this note was valid, and that it could not now be controverted.    A verdict was thereupon taken for the plaintiff for the amount of the note and interest, and the defendant alleged exceptions."    The record in the former case between these parties was made part of the bill of exceptions ; but in addition to the report in 97 Mass. 175–177, nothing need here be stated except the facts that the defendant, in his answer in that case, set up various grounds of defence besides a renewal of the note then in suit, and that the verdict therein rendered was a general one.

*G. M. Stearns,* for the defendant.

*C. A. Winchester,* for the plaintiff.

COLT, J.    In the first suit between these parties, the defendant relied, in defence, on the fact that the note now in suit, dated November 14, was given in renewal and payment of the note upon which that action was brought, which was dated September 10, 1866.    *Hooker v. Hubbard,* 97 Mass. 175.    The court

there ruled, in substance, that, if so given, it would be a payment of the last named note, if the plaintiff, knowing that it was given only for the purpose of taking up the note in suit, should obtain possession of it, and claimed to enforce it as a valid note. A verdict was thereupon rendered for the defendant.

The present action is upon the note of November 14. In defence, the answer in substance sets up that the plaintiff fraudulently obtained possession of the note; that it was signed by him in blank, under an agreement with the plaintiff's agent that it should be made payable to the plaintiff and be by him first indorsed, and the defendant should be liable thereon only as a cosurety with the plaintiff; and finally, that it was given in renewal of another note, which had been indorsed by him for the plaintiff's accommodation.

At the first trial of this action, evidence was given in support of each ground of defence set up; and, it being admitted or proved that the note was delivered upon a condition, of which the plaintiff had knowledge, and which was never fulfilled, it was ruled that it never became the note of the defendant, and could not be enforced as such by the plaintiff. Under this ruling, a verdict was rendered, as directed by the court, for the defendant. The exceptions taken to this ruling and direction were here sustained, on the ground that, when the defendant pleaded the note in suit as given in payment or renewal of the former note, he waived the right to take the benefit of the nonperformance of the condition, and ratified its absolute delivery; and, having prevailed on that ground, is now estopped to assert the contrary.

A new trial was had accordingly, and the case now comes up on the defendant's exceptions. The defendant, at this last trial, offered to prove the other matters contained in his answer, namely, that the original note was signed wholly for the plaintiff's accommodation, or, at least, that it was signed upon the agreement that the parties should be holden as cosureties. This evidence was held inadmissible by the court, because the validity of the note had been judicially established in the former suit, and could not be controverted by the defendant; and a

verdict was thereupon taken for the amount of the note and interest.

The court are of opinion that, upon the facts here presented, the learned judge erred in extending the doctrine of estoppel by former judgment to the degree stated. Estoppels of this description are attended with qualifications which must be strictly observed. They are conclusive only as to the facts which were directly put in issue and determined in the former suit. If the pleadings present several distinct propositions of fact, the judgment is not conclusive upon any one of them, unless it appears, from the record or *aliunde,* that the issue upon which it was rendered was upon that proposition. It must appear that, upon the question of fact presented, the party has had a day in court in which he either did or ought to have put it in issue.

The grounds of defence upon which the defendant now relies have never been passed upon by the jury. The verdict in the former suit was general, but it was rendered in the defendant's favor solely because it was shown that the note declared on had been paid or renewed by the present note. This fact alone was established, and it was all that was necessary to the defence in that case. And we have held that it was so far established that the defendant could not be permitted afterwards to show that it was not so taken in renewal, because subject to a condition not complied with.

But it has been held many times that the renewal note is open to those defences which touch the consideration of the original note. A total or partial failure or want of consideration in the original note may be shown. *Commonwealth Insurance Co.* v. *Whitney,* 1 Met. 21. At the time of the trial on the first note an action was pending on the second, and the defendant chose to reserve these grounds of defence for that note. The facts upon which they may be supported have never been passed upon in any previous adjudication, and the evidence in support of them should have been received. *Burlen* v. *Shannon,* 99 Mass. 200. *Same* v. *Same,* 14 Gray, 433. *Exceptions sustained.*