JOSEPH SHERER & another *vs.* JEREMIAH COLLINS & another.

In an action on a promissory note, by the payee against the maker, the defendant admitted the making of the note, but set up, in defence, that he made a contract with the plaintiff to do work and take the note in part payment, and did work accordingly to an amount greater than the note. *Held*, that this defence would not avail against undisputed evidence that he had sued the plaintiff for the work, and recovered judgment without any allowance on account of the note.

CONTRACT on a promissory note for $500, dated August 20, 1868, made by the defendants payable ten days after date to the order of the plaintiffs, and indorsed with a memorandum of the receipt of $400 by them thereon February 26, 1869. Writ dated July 14, 1869. The defendants, in an amended answer, admitted the making of the note; alleged that it had become the property of the plaintiff Sherer only; and further alleged that on or about June 17, 1869, Sherer and the defendant Collins entered into an agreement for Collins to furnish some freestone, and cut and finish it for Sherer, and receive the note in part payment for his material and labor; that Collins, in execution of the agreement, furnished freestone and performed labor thereon, of greater value than the amount due on the note, whereby the note became paid; and that Collins afterwards sued Sherer and recovered judgment for the balance. Trial in the superior court, at January term 1871, before *Lord*, J., who allowed the following bill of exceptions :

" It was admitted at the trial, that Sherer became sole owner of the note, and that thereafter conversations were had between the parties about paying said debt to Sherer by work and material furnished by Collins.

" The testimony of Collins was introduced, tending to show that the agreement alleged in the amended answer was actually made as set forth, and that Collins did furnish freestone, and cut and work some part of it under the contract, to the value of $800 ; that thereafter, upon the tender of part of the stone so cut and worked to Sherer, he denied he made the contract and refused to receive the stone, or any part of it, or acknowledge his contract ; (Sherer being here called as a witness by the defendants, denied

that any such contract was ever made;) that afterwards Collins brought his action to recover the value of his work upon the free-stone, and for material furnished under the contract, as well as to recover damages for Sherer's refusal to accept the same, and for his loss of profits that would have accrued to him had Sherer kept his part of the contract, in which action Sherer, besides denying each and every allegation of Collins, answered ' that if he was ever indebted to the said Collins for any matter or thing set out in his declaration, he has been fully paid therefor.' The papers and proceedings in that action were offered in evidence. At the trial of said action, on May 5, 1870, said note was put in evidence, and the jury found a verdict for Collins, for the sum of $88.33, for which judgment was entered, with costs and interest.

"The plaintiff in this action, in rebuttal, introduced the evidence of one Nathan Morse, who was counsel for Sherer in the former action, and who testified that the note was not introduced as proof of payment, but only to prove a collateral matter, and that the pleadings in this action were introduced in such trial to show that no such defence was set up at the time of such trial, and that no issue of payment was raised at such trial.

"Upon inquiry by the judge, the defendant's counsel said that he did not propose to control the evidence of Morse; whereupon, against the defendant's objection, the judge ruled that the plaintiff was entitled to a verdict for the amount due on the note and interest, and directed a verdict accordingly, to which ruling the defendant alleged exceptions."

*M. Stevens*, for the defendant.

*G. W. Park*, (*B. D. Washburn* with him,) for the plaintiff.

BY THE COURT. The action of *Collins* v. *Sherer*, for the work and material referred to, must have proceeded on the ground that he was not obliged to apply the amount due to him in payment of the note, but might recover for it without regard to the note. Upon the testimony of Morse uncontrolled, it appeared that the note had not been applied in that action towards the payment of Collins's claim; and it followed that the claim could not be applied in this action in payment of the note. The instruction to the jury was correct.                    *Exceptions overruled.*