JOHN L. LILLEY *vs.* MEHITABLE ADAMS, executrix.

A. paid B. a sum of money and took his promissory note therefor, but was his debtor at
the time on an account. *Held*, that the executrix of A., after suing B. on the note, and
obtaining a verdict against him, could not set up the payment in defence against an
action brought by him against her on the account.

CONTRACT on an account annexed for board furnished by the
plaintiff to Waldo Adams, the defendant's testator. The an-
swer alleged payment, and set up the statute of limitations.

At the trial in the superior court, before *Dewey*, J., the plain
tiff introduced evidence tending to show that the board was fur
nished as alleged, and the price charged for it was reasonable
and testified that he never borrowed any money of Waldo
Adams ; that on a certain occasion Waldo Adams " let him have
$300 on account of said board," but stated to him at the time
that Mrs. Adams (the defendant) would be displeased if she

knew of the payment, and therefore desired him to give his promissory note for the sum and said that he would never seek to enforce the note ; and that he thereupon gave Waldo Adams such a promissory note, for the purpose of enabling him to satisfy Mrs. Adams. It was admitted that the defendant, as executrix of Waldo Adams, had sued the plaintiff on the note, and obtained a verdict against him for the full amount thereof. At the close of the plaintiff's evidence, the defendant requested a ruling that as upon the plaintiff's own testimony he received the $300 upon the account, and as that sum was more than the amount of the portion of his account which was not barred by the statute of limitations, he could not recover. But the judge refused so to rule.

The defendant testified that she was present when Waldo Adams paid the $300 and the plaintiff gave the note ; that she never knew of any such agreement about the note as the plaintiff testified to ; and that after her husband's death the plaintiff paid interest on the note. And she contended that the note was given for money lent, and that the giving of it was evidence that the account for board had been previously paid. There was other evidence, on both sides, as to whether there had been such a previous payment. At the close of the whole evidence, the defendant renewed her request for the ruling above stated ; and the judge again refused it, and instructed the jury, among other things, " that the defendant, having elected to sue the note and recover a verdict thereon, as being given for money lent, could not avail herself in the present case of the ground that the $300 was a payment for the board." The jury found for the plaintiff for the full amount of that portion of his account which was not barred by the statute of limitations ; and the defendant alleged exceptions.

*F. P. Goulding*, for the defendant.

*G. Swan*, for the plaintiff.

AMES, J. The delivery of three hundred dollars to the plaintiff by the defendant's testator was either a payment, or a loan, of that amount. It could not possibly be both at the same time. As the parties saw fit, for reasons satisfactory to them

selves, to put the transaction in the form of a promissory note, the defendant had a right to treat it. as such, and to enforce it accordingly. But having done so in a suit in her own favor, she cannot be permitted, in another suit between the same parties, in which she is defendant, to take the opposite ground and maintain that although in form a promissory note the transaction was in substance and effect a payment. To allow her to do so would be to give her an unjust advantage which no rule of law can sanction. What she sees fit to call a promissory note in one case she cannot treat as a mere receipt in the other, and the ruling of the court to that effect was right. We see no valid ground for disturbing the verdict. *Billings* v. *Billings*, 10 Cush. 178. *Hooker* v. *Hubbard*, 102 Mass. 239. *Sherer* v. *Collins*, 106 Mass. 417.

*Exceptions overruled.*