## Dan W. Gould v. Morgan Vaughan.

*Promissory notes: Consideration: Judgments: Subscriptions.* In an action upon a promissory note given in satisfaction of a judgment upon a subscription to the capital stock of a corporation, evidence as to the misfortunes or bad management of the corporation is irrelevant.

*Subscriptions to capital stock: Judgment: Res adjudicata.* The judgment upon the subscription so long as it remained in force would be a conclusive adjudication upon any defense to the validity of the subscription.

*Submitted on briefs October 13. Decided October 20.*

Error to Eaton Circuit.

*Shaw & Pennington*, for plaintiff in error.

*John M. Corbin*, for defendant in error.

CAMPBELL, J.

Vaughan sued Gould upon a promissory note for five hundred dollars, dated September 1, 1873, and payable to Vaughan or his order two months after date, with interest at ten per cent.

Upon the trial the defense relied on was want of consideration. The note was shown to have been given in payment or renewal of a previous note given to satisfy a judgment obtained against Gould for his subscription to the capital stock of "The Eaton Rapids Hotel and Mineral Spring Company." When Gould subscribed, more stock had been taken than the articles of association provided for. The business had been managed chiefly by Vaughan, at whose solicitation the subscription was made. Large judgments were rendered against the company for about thirteen thousand dollars in 1872 and the early part of 1873, and in March, 1873, Vaughan purchased the whole property of the company for seven thousand five hundred dollars. Vaughan had endorsed a large amount of the bonds of the corporation, which was insolvent, and the stock worthless, in September, 1873, when the note in suit was given.

These facts having been shown without objection, Gould offered to prove by his own testimony that he had subscribed for the purpose of getting stock, and not as a gift, which was objected to and the objection sustained.

He also offered to prove that the suit in which judgment was obtained against him was undefended, and that he did not learn the facts relied on in this cause till after the note was given, and that there was no new arrangement; and also that when he gave the note he did not know of the execution sale to Vaughan; all of which was ruled out. He was also asked whether he had ever received any consideration for the note, which was ruled out because he had already conceded that it was given in satisfaction of the judgment.

If this were a suit on the original stock subscription, it is not plain to our minds how the liability could be affected by the misfortunes or bad management of the company. Those are risks of the enterprise which may make wrongdoers responsible to the company, and possibly to individuals, but cannot usually, if ever, bear upon the duty of subscribers to pay their subscriptions.    But be this as it may, if these facts occurred after a judgment, they could not be a defense to it.    If before, then, if relevant for any purpose, they should have been shown in defense on the trial, or the new discovery should have been made the basis of an application for a new trial.    The question whether the defendant below became entitled as a subscriber to any stock, was one lying at the foundation of the action, and one upon which the evidence for the defense would appear by the records of the corporation, if any defense existed.    The fact that subscriptions had been already made to the amount specified in the articles would not necessarily preclude the defendant from obtaining stock by ratable distribution, increase of stock, or other means.    If fraud can be set up in this action, to avoid the judgment, as claimed, the offer does not go far enough to have any tendency to show it.

We think the court below decided rightly in excluding

all these propositions.   The real purpose was evidently to re-open a controversy which had passed to judgment, and introduce here a defense which was disposed of when that judgment was rendered.   The judgment was a formal adjudication that Gould had made a valid stock subscription and was in default for not paying it.   So long as the judgment continues in force, not vacated or annulled, the questions decided by it are at an end.   The case comes directly within the principle of *Hazen v. Reed, supra, p. 331.*

The judgment must be affirmed, with costs.

The other Justices concurred.