## William Bonker v. John Charlesworth.

*Res adjudicata: Bill to cancel a mortgage for fraud: Regularity of foreclosure.* The decree in a chancery cause dismissing a bill brought to have a mortgage declared void because obtained of a minor and by fraud, and to set aside a statutory foreclosure, is held not to be a direct adjudication on the validity of the foreclosure proceedings where the regularity of those proceedings was not put in issue or contested or made the subject of evidence.

*Estoppel: Mortgage: Fraud: Foreclosure.* The complainant in such chancery suit is held not estopped by that decree from disputing in ejectment the validity of such foreclosure proceedings upon the ground that he was legally bound to bring them into his chancery suit and that by his failure so to do he had lost the right afterwards to question them in another suit. The validity of the mortgage, and the regularity of a statutory foreclosure of it, are not necessarily connected, but present distinct controversies that may well be made the subject of separate suits.

*Submitted on briefs October 27.    Decided November 2.*

Error to Wayne Circuit.

*Moore & Moore* and *George H. Prentis,* for plaintiff in error.

*Ward & Palmer,* for defendant in error, cited: *1 Greenleaf Ev.,* §§ *522, 530, 551; Dan. Ch. Pr. (2d Am. Ed.), 1199; Getley v. Preston, 41 N. Y., 113; Collins v. Bennett, 46 N. Y., 490.*

COOLEY, J:

The controversy in this case concerns the force and effect

33 MICH.—11.

of a decree in chancery in a cause in which this plaintiff was complainant, and Vreeland and Conrad, under whom defendant derives title, were defendants. That bill was filed to have a mortgage declared void because obtained from complainant by fraud and while he was a minor. The invalidity of the mortgage was fully charged, and the bill also stated that a foreclosure had been had under the power of sale contained in the mortgage, and a sale made to Conrad and Vreeland on a day named, which was a few days before the bill was filed; but it alleged no error or irregularity in the foreclosure proceedings, though it asked that the sale be set aside on the case made by the bill. An answer was filed in which the validity of the mortgage was insisted upon, and the case went to a hearing and the bill was dismissed.

It is now insisted that, in an action at law involving the title to the land covered by the mortgage, and in which defendant relies upon the foreclosure, the plaintiff is estopped by the decree in chancery from disputing the validity of the foreclosure proceedings; and the circuit judge so held.

This ruling must have proceeded on one of two grounds: *first*, that the validity of the foreclosure was at issue in the suit in chancery; or, *second*, that plaintiff had the opportunity to put it in issue, and should have done so, because it was naturally and properly a part of his case, and to leave it to form the subject of another litigation would be in effect to divide up what is properly a single controversy, and to contest in detail the several questions it presents in different suits.

Looking into the record of the chancery suit, it is apparent that the regularity of the foreclosure was not put in issue or contested. The complainant denied its validity as a deduction from the invalidity of the mortgage, but in no other way or manner. The question was not made the subject of evidence, and presumably was not within the contemplation of the judge when he decided the cause. He could not do otherwise than to dismiss the bill on the issue

made, if the mortgage was found to be valid. We must hold, therefore, that there has been no direct adjudication on the validity of the foreclosure proceedings.

The question whether the plaintiff was legally bound to have brought the proceedings into the chancery suit is one of more difficulty; but on reflection we are not satisfied he has lost the right to dispute them by the failure to do so in that suit. The validity of the mortgage and the regularity of the foreclosure are not necessarily connected; they present different controversies altogether. They do not stand in relation to each other as two distinct grounds of invalidity in the mortgage would, for then the controversy would be one, however numerous might be the grounds of reliance. Suppose one were to file a bill to set aside a judgment as having been obtained by fraud; could he, if he failed in that suit, be debarred from contesting at law a void sale on execution because he had failed to put it in issue in his chancery suit? We think not. And the reason would be the same there as here: the validity of the sale was neither attacked in the suit in equity, nor were the proceedings necessarily in any way involved in that controversy. They might have been put in issue; but there is no rule of equity practice which requires the complainant in every instance to make his case as comprehensive as possible. If there are controversies that are really distinct, he may make them the subject of separate suits if he chooses.—See *Barker v. Cleveland, 19 Mich., 230, 238.*

Our conclusion is, that the judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.