^Campbell, J.:
The action in this case was brought upon the promissory-note given by Beam to Maeomber, referred to in the record of chancery cause reported in Beam v. Macomber, 33 Mich., 127. The parties having agreed to arbitrate their partnership difficulties, deposited notes for twelve hundred dollars each, with the arbitrators, who were, on their award being made, to deliver to the one who should be found creditor of the other, the note of the latter, endorsed down to the amount of the balance awarded.
In this case the award was in Macomber’s favor, and Beam’s *432 note was delivered to him. The decree in the chancery suit allowed Beam credit for an item which was by accident- or mistake not brought to the attention of the arbitrators, and required the proper credit to be deducted from the note in question.
After the decree of this court was made, the action at law on the note (which had been stayed) was brought to trial. On the trial, Beam sought to prove that the award was not valid. It was held that he was precluded from this defense by the decree.
He now claims that this ruling was erroneous. The ground he relies on is, that no point was made in the chancery suit upon the validity of the award, and that in the absence of such an issue it remained undisposed of and open to litigation at law.
The object of the suit in chancery was to obtain a correction of the award by the allowance of a credit not introduced before the arbitrators, and omitted by oversight and without fault. The bill set up the fact of unsettled partnership accounts, and an agreement to have them settled by the award of two persons named, who were at liberty to call in a third. It showed also the deposit of the notes, the finding of the award, the delivery of the note to Macomber, endorsed to correspond with it, and the mistake which had reduced Beam’s credits. It averred there was *no remedy at law to reach the defense, and sought a correction of the error by an allowance of the amount averred to have'been left out!
Not only was this bill based on the alleged existence of a valid award, but it was inconsistent with any thing else. If no valid award was made, there was a perfect defense at law, because the note in such case was not delivered as a binding obligation, and was not in the hands of a Iona fide holder. If no award was made, there was nothing for the court to consider in regard to the accounts; for it was not sought to obtain a partnership settlement, and it could be of no consequence what items had been proved before the arbitrators, who had, on that theory, done nothing which bound any one. The whole controversy in the equity cause turned on the assumption that nothing remained open except the item overlooked *433 on the arbitration. The object of the suit was to get relief against this note so far as the omitted credit would extend, and the decree fixed that amount and applied it directly on the note.
Under these circumstances there is no ground whatever for permitting the controversy to be reopened. A party cannot get relief on one basis, and then seek a new chance to litigate, on the suggestion that he has a defense which he did not see fit to rely on before. The rights of litigants must be settled by the judgment rendered between them, unless it is vacated. And a case in which the existence of an award is the fact on which the whole controversy depends, must be regarded as settling it beyond dispute. An averment of its validity is of necessity a denial of its non-existence, and if admitted on the record, ends all controversy. The court ruled correctly, that Beam was concluded by the decree.
The judgment must be affirmed, with costs.
The other justices concurred.