WARREN P. ADAMS v. GILBERT R. CAMERON.

*Decree in equity in bar of defences at law—Foreclosure made absolute by dismissal of bill to redeem.*

The unqualified dismissal of a bill on the merits generally estops the complainant from introducing matters involved thereby, in any other litigation on the same subject matter.

A dismissal of a bill to redeem from foreclosure makes the foreclosure absolute and bars the mortgager's rights.

Every one must vindicate his rights in due season and in proper order.

A defendant in ejectment cannot go behind or call in question an absolute decree of foreclosure against him, to introduce defenses that were open to him, if at all, in the proceedings in equity, but which he did not then rely on.

Case made from Newaygo.    Submitted January 31. Decided April 9.

EJECTMENT.    Plaintiff had judgment below.

*Fuller & Standish* for plaintiff.

*Gray & Luton* for defendant.

GRAVES, J.    November 19, 1859, Hiram Butler and wife made their mortgage to plaintiff on the southwest fractional quarter of section 7, in township 12 north of range 13 west, being in the county of Newaygo, to secure payment in five years of $200 borrowed money, with annual interest at ten per cent.    September 1st, 1868,

Butler and wife conveyed to Cameron and wife as joint grantees, but subject to the mortgage. June 28, 1871, Adams commenced foreclosure by advertisement under the power of sale in the mortgage, and on the 21st of September following, the sheriff made sale pursuant to the notice, and deeded the whole premises to Adams as lawful purchaser for $315.12.

September 3d, 1873, or nearly two years later, Cameron and wife filed their bill against Adams to redeem the mortgage, and the grounds finally relied on were *first,* the waiver of the right accruing from the sale by the receipt of a payment of $100 on the mortgage after the sale; *second,* the accidental inability by disease of Cameron to make redemption within the year; and *third,* the great disparity between the sale price and the value of the premises. September 9th, 1873, being six days after the filing of the bill, Adams commenced this action of ejectment in the same circuit to recover the premises. Issue was joined and the action was then stayed to await the determination of the case in equity. April 1st, 1874, that cause was brought to hearing before the circuit court on pleadings and proofs, and the circuit judge made a decree allowing redemption on payment of the remaining principal and interest called for by the mortgage together with the costs of foreclosure in four months, and ordering the bill to be dismissed in case of non-payment.

Adams appealed to this court, and in August of the same year Mrs. Cameron died. April 30, 1875, this court reversed the decree below and dismissed the bill. The case is reported in 31 Mich., 426.

January 12, 1877, the present case went to trial before a jury, and Adams was allowed to recover the whole premises of Gilbert R. Cameron as survivor of himself and wife, and Cameron now asks a review of certain rulings in the action.

When the deed given on foreclosure and the sheriff's

affidavit of the sale were introduced, it was objected, *first*, that it did not appear from the deed that Adams bid for each parcel the distinct sum which the deed represented the parcel was sold for, and that he was the highest bidder; *second*, that the sheriff's affidavit did not cure the defect since it was equally deficient; and *third*, that the certificate of the time when the deed would be operative, was not in compliance with the statute. Comp. L. § 6920.

There are several reasons for overruling these exceptions. It is sufficient to refer to one. The instruments mentioned contradict the assumptions on which the objections rest. The deed recites that the premises were sold to Adams for $315.12, that being the highest bid and he the highest bidder; and this is immediately succeeded by the explanation that the premises were sold in four designated parcels and each for a specific sum, and these sums aggregate the amount first mentioned, namely $315.12. The sense is clear that each parcel was sold to Adams for the price affixed, and that such price was the highest sum bid therefor, and that he was the highest bidder. Nothing further is required on the first and second grounds.

The sheriff certified that the deed would become operative at the expiration of one year from the twenty-first day of September, 1871 (the day of sale), "unless otherwise redeemed according to law in such case made and provided." It is objected that the word "otherwise" causes a fatal ambiguity, and that the certificate conveys the impression that the whole premises, if any, would have to be redeemed. That the legal effect is not changed by the word complained of, is too plain to excuse comment. The redemption signified was the redemption authorized by law, and that was not only certain, but practicable. The deed showed on its face that there was opportunity to redeem any one or more parcels.

The plaintiff adduced evidence of Mrs. Cameron's

death. The fact was objected to as incompetent. No explanation was offered. It is now asserted by way of reason for the objection, that her death had not been suggested of record. Without going further, it is enough to say that the exception was incomplete for want of specification, and moreover that we have no evidence that a suggestion was not entered. The case does not allege that it was not, and the record is not before us. That appears affirmatively, and we cannot assume that Mrs. Cameron's death was not suggested.

The defendant offered to show that the property mortgaged was a farm, and so situated and improved as to make it subject to sale as one parcel, and that it probably would have sold for a higher price than the sum obtained if it had been so disposed of: and further, that the parcel occupied as homestead was first sold. The offer was refused on an objection that the suit in chancery estopped the defendant from setting up the matters proposed against the sale. No special discussion is necessary in regard to the principles which govern the operation of decrees in silencing new contentions. In general the effect of an unqualified dismissal on the merits is conclusive on whatever matters are involved in the decision. Freeman on Judgments, ch. 22; Daniell's Ch. Pr., 659 and note: 994 and note; Story's Eq. Pl., § 793; Mitford's Pl., 238, 239. The adjudged cases are too numerous to be cited.

In suits to redeem, the consequence of the decree is an immediate and absolute foreclosure, and hence a complete bar of the mortgagor's rights. *Goodenow v. Curtis*, 33 Mich., 505–510; *Cholmley v. Countess Dowager of Oxford*, 2 Atk., 267: 2 Spence Eq. Jur., 671; *Palk v. Lord Clinton*, 12 Ves., 48, 62; *Bishop of Winchester v. Paine*, 11 Ves., 194, 199; *Perine v. Dunn*, 4 Johns. Ch., 140; *Borrowscale v. Tuttle*, 5 Allen, 377; *Lansing v. Russell*, 13 Barb., 510; *Burhans v. Van Zandt*, 3 Seld., 523; *Wilcox v. Balger*, 6 Ohio, 406; *Pitman v. Thornton*, 66 Me., 469.

But the effect due to the decree made in the redemp-

tion suit by this court, upon the right of Cameron to attempt a defense against the ejectment by going back and overhauling points of regularity concerning the foreclosure sale, does not rest exclusively on the ground mentioned. He knew as well when he filed his bill as he has known since, the exact particulars of the mode of foreclosure, and what is now proposed as matter of defense in the suit at law for possession was as much within the scheme and object of the suit in equity as it is subservient to the theory of the defense here.

Still, when he framed the case in equity and did not include the incidents in question, they were not simply overlooked or even ignored. He saw them and decided that they were not irregularities. He put a construction upon them and considered they were not matters of inequity and not of force to hinder the foreclosure from barring redemption of the mortgage. He described the sale in his bill and specified the parcels in which the premises were sold and distinctly assumed that the sale was a valid sale when it was made, and that it could be avoided only by matter subsequent, and so manifest was this character of the case and of his position in regard to it, that when the circuit court came to decide and concluded to allow redemption, it imposed the condition that Cameron should pay the costs of the foreclosure, and he acquiesced.

Finally when the cause was heard here on the appeal by Adams, the state of the record and the claims and concessions of the parties implied so distinctly and positively that neither the sale in parcels nor any other of the proceedings was objected to or was objectionable, that in giving the opinion, the court was led to say expressly that "so far as appears, the sale was regular." 31 Mich., 427. The position now taken, and that assumed and maintained in the suit in equity, are in direct contradiction. In the former case it was as fully admitted as it could be without express terms to that effect, that the sale in parcels was not questioned or questionable, and that the sale itself as an entirety was valid when it

occurred, and now it is said that the selling in parcels vitiated the foreclosure. "Every person," says Chancellor Kent, "is bound to take care of his own rights, and to vindicate them in due season, and in proper order. This is a sound and salutary principle of law." *Le Guen v. Gouverneur*, 1 Johns. Cas., 436, 502. Had the court given way to the offer made below, it would have been a violation of this principle.

With full knowledge of the facts the defendant had enjoyed his day in court and had pursued his own way to assert and maintain his rights, and he was not entitled to assume a new position at war with the first. If the foreclosure proceedings were insufficient to justify the sale, a point not open, the objections belonged to the equity of the case for redemption, and should have been made there. The defendant, however, declined to do that; and not only so, he admitted in that case that there was nothing in the proceedings to impair the sale. The court was right in refusing him permission to go behind the decree and draw into question the foreclosure proceedings referred to. *Lilley v. Adams*, 108 Mass., 50; *Washburn v. Great Western Ins. Co.*, 114 Mass., 175; *Burnett v. Smith*, 4 Gray, 50; *Wilson v. Wilson*, 30 Ohio St., 365; *Rodermund v. Clark*, 46 N. Y., 354; *Sloan v. Holcomb*, 29 Mich., 153; *Lord Tredegar v. Windus*, L. R. 19 Eq. Cas., 607 : 13 Eng., 538; *Sanger v. Wood*, 3 Johns. Ch., 416; *Beam v. Macomber*, 35 Mich., 455; *Gould v. Vaughan*, 30 Mich., 376; *Hazen v. Reed*, id., 331.

*Bonker v. Charlesworth*, 33 Mich., 81, is cited as authority for the position that the dismissal of the bill was not ground for excluding defendant's offer. There the object of the bill was to *cancel* the mortgage which it was alleged had been obtained from complainant by fraud and while he was a minor. No other ground was stated against the foreclosure, and whether the proceedings were in due form was not made a question and could not be considered without departing from the subject of the altercations and the fundamental purpose of the bill.

Moreover, there was no concession or assumption, either express or tacit, that the course of proceeding had been regular, and when it was ascertained that the mortgage was valid, the only decree possible was one dismissing the bill. The result was entirely consistent with the position taken in the second instance that the proceedings were not in due form. The case is not applicable.

There is nothing in the record which requires further notice, and the judgment must be affirmed with costs. The cause will be remanded for any further action which may be proper.

The other Justices concurred.