Minerva Gordon & others *vs.* Sarah G. Lewitsky & others.

Bristol.    October 31, 1955. — December 28, 1955.

Present: Qua, C.J., Ronan, Wilkins, Spalding, & Counihan, JJ.

*Estoppel.*

Four daughters of a testator who in a Probate Court proceeding against a fifth daughter and a son prayed in their petition for an adjudication that under a paragraph 14 of their father's will respecting marriage of any child with one "not born in the Hebrew faith" the interest of the son in the estate had been forfeited by him and had become vested in the five daughters, and who after full hearing obtained a decree in accordance with such prayer without having attempted to amend it, were estopped to seek in a later proceeding an adjudication that the fifth daughter, by the position taken by her in the Probate Court in the previous proceeding in opposition to the petition therein, had contested the validity of paragraph 14 and so had forfeited her interest in the estate by reason of a paragraph 15 of the will revoking the interest of any beneficiary who should contest the validity of any part thereof.

Petition, filed in the Probate Court for the county of Bristol on August 6, 1953.

The case was heard by *Fuller*, J.

*Lee M. Friedman,* for the petitioners.

*Samuel E. Angoff,* (*Robert D. Manning* with him,) for the respondent.

WILKINS, J.   The petitioners are four daughters of Joseph Gordon, late of Attleboro, who brought a petition with reference to his estate which was before this court in *Gordon* v. *Gordon,* 332 Mass. 197.   In that case we affirmed a decree of the Probate Court which, in accordance with the prayers of that petition, declared that "all rights to distributions of income and principal . . . which would otherwise have been payable to . . . [their brother] Harold B. Gordon are vested in equal shares in the petitioners Minerva Gordon, May C. Pite, Lillian G. Silverman and Sadye G. Freedman, and [a fifth daughter] the respondent Sarah G. Lewitsky" (page 199).   The present petition is for a binding declaration that the respondent Sarah G. Lewitsky, too, has lost her interest in the estate of Joseph Gordon.   We noted the pendency of the present petition in a footnote in the previous case (page 209).

The ground of the present petition is that in the litigation of the earlier petition before the Probate Court Sarah likewise contested the validity of paragraph 14[1] of the will of Joseph Gordon and so lost her interest in his estate in accordance with paragraph 15[2] of his will.   The judge entered a decree that Sarah "has not forfeited her interest under the will of Joseph Gordon by reason of her action in

---

[1] 14. "If any of my said children shall marry a person not born in the Hebrew faith, then I hereby revoke the gift or gifts and the provision or provisions herein made to or for such child, and I direct that the portion or portions of my estate, and the interest or interests therein which I have by this will given to such child so marrying a person not born in the Hebrew faith shall be paid and made over to that person or persons who would have been entitled thereto under this will if such beneficiary had died before becoming entitled by the provisions hereof to such portion or portions, interest or interests, without leaving lawful issue."

[2] 15. "If any beneficiary under this will shall contest the validity, or institute any proceedings to set it aside in whole or in part, then I hereby revoke the gift or gifts and the provision or provisions herein made to or for him, her or them, and I do direct that the portion or portions of my estate and the interest or interests therein which I have given to him, her or them by this will shall be paid and made over to that person or persons who would have been entitled thereto under this will, if such beneficiary had died before becoming entitled by the provisions hereof to such portion or portions, interest or interests, without leaving lawful issue."

Gordon *v.* Lewitsky.

said prior proceedings," and "continues to hold her interest under said will." The petitioners appealed.

"A party who has successfully maintained a certain position at a trial cannot in a subsequent trial between the same parties be permitted to assume a position relative to the same subject that is directly contrary to that taken at the first trial. *Hooker* v. *Hubbard,* 102 Mass. 239. *Sherer* v. *Collins,* 106 Mass. 417. *Lilley* v. *Adams,* 108 Mass. 50." *Boston* v. *Nielsen,* 305 Mass. 429, 433. *Pierce's Case,* 325 Mass. 649, 659. We think that the petitioners on the petition now before us are barred by this principle from trying to have the number of beneficiaries further reduced from five to four. The first petition, filed on August 8, 1952, sought the exclusion of Harold and the division of Joseph's property among the other five children. At that time the petitioners could not have been held to know what Sarah's course of conduct would be. But on December 26, 1952, Sarah filed her answer containing what the petitioners now contend was an attack upon the validity of paragraph 14. Her answer also alleged that the petitioners themselves had violated paragraph 15 by bringing the petition, an allegation upon which there appears to have been no express action. The hearing on the earlier petition in the Probate Court was an extensive one, relating in large part to the validity of paragraph 14. At that time Sarah's counsel filed a very full brief, which was in evidence before the Probate Court at the hearing on the present petition. On April 27, 1953, the Probate Court entered a decree on the earlier petition reducing the number of beneficiaries from six to five, no attempt having been made to amend the prayer which sought that very result. The petitioners, however, on May 5, 1953, tried to appeal from the decree "so far as it relates to Sarah G. Lewitsky." In our previous opinion, 332 Mass. 197, 209, on this point we said, "The decree is in accord with the prayer, which was never amended. The probate judge made no finding on the question, and could not have considered the issue open. [Here was the reference to the footnote mentioned above.] Essential features

of due process, notice and opportunity to be heard, were lacking. . . . The petitioners' appeal discloses no error of law. But as they have appealed from a decree, formally at least in their own favor, their appeal will be dismissed."

The petitioners contend that Sarah did not appeal from the earlier Probate Court decree adverse to Harold and so ceased to be a party; but that she gratuitously injected herself into the full court proceedings between the petitioners and Harold where her counsel argued orally and filed a voluminous brief. This contention is not wholly accurate, as the petitioners had appealed from the decree so far as it related to her, and she was entitled to, and did, argue as to that appeal also. The petitioners urge that Sarah by her conduct upon the previous appeal in the full court "voluntarily and unnecessarily took upon herself a second battle against her father's will." This argument overlooks the fact that we are now dealing with a petition filed on August 6, 1953, which by its allegations is expressly limited to Sarah's previous conduct in the Probate Court, and can in no way be extended to include conduct in a case argued before us on October 25, 1954.

Costs as between solicitor and client shall be in the discretion of the Probate Court.

*Decree affirmed.*