EAST CAMBRIDGE SAVINGS BANK *vs.* JOSEPH N. WHEELER & another.[1]

Middlesex. March 5, 1996. - May 8, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Estoppel. Judicial Estoppel.*

A bank was not judicially estopped from proceeding against a partner on
defaulted partnership loans where there was no inconsistency in the
bank's having settled, for a nominal sum, its claims on those notes
against another partner. [623-624]

CIVIL ACTION commenced in the Superior Court Depart-
ment on February 24, 1992.

The case was heard by *Judith A. Cowin,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Camille F. Sarrouf (Donald J. Savery* with him) for the
defendants.

*Joseph W. McDermott* for the plaintiff.

WILKINS, J. We consider again the largely uncharted realm
of judicial estoppel, a concept that precludes a party in certain
circumstances from asserting a position in one proceeding
that is contrary to a position that the party previously as-
serted successfully in another proceeding. See *Fay* v. *Federal
Nat'l Mortgage Ass'n,* 419 Mass. 782, 787-788 (1995). In the
*Fay* case, we said that "we would apply the doctrine of
judicial estoppel at least where a party had *successfully* as-
serted his or her inconsistent position in a previous proceed-
ing" (emphasis in original). *Id.* at 788. There, the plaintiff
was not affected by the principle because she had not been
successful in asserting her inconsistent position in the earlier
action. *Id.* Here, we conclude that the plaintiff bank is not
judicially estopped from asserting that the defendant Fredella

[1]Anthony M. Fredella, individually and as partners.

is liable on a partnership debt. We, therefore, affirm the judgment entered against Fredella, having transferred his appeal here on our own motion.

In 1990 and 1991, Joseph N. Wheeler, a partner in the two-lawyer partnership of Fredella & Wheeler, obtained loans from the plaintiff bank ostensibly in the name of the partnership. Neither the partnership nor Fredella, however, received any funds from these loans. Wheeler used only his own funds to make such payments on those loans as were made. The loans went into default, and the bank brought this action to collect the amount owed on the defaulted notes. In entering judgment for the bank against Fredella in the amount of approximately $86,000 plus interest, the trial judge ruled that Wheeler had actual and apparent authority to borrow from the bank on behalf of the partnership, and that the loans were obligations of the partnership. Fredella does not now challenge the findings on which that ruling was based nor does he now challenge the ruling except as it may be affected by the application of judicial estoppel.[2]

While the complaint in this action to collect on the notes was pending, Wheeler filed a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Massachusetts, listing the outstanding debts on the loans from the bank as personal debts. The bank then filed a complaint to determine the dischargeability in bankruptcy of Wheeler's debt to it. In that complaint, the bank alleged that, although Wheeler had represented to the bank that he had authority to act on behalf of the partnership in borrowing money, Wheeler's lawyer had represented at a preliminary hearing in this debt-collection action that Wheeler's obligations to the bank were only personal, and not partnership, obligations. Fredella also had filed an answer in the bank's action against him denying his liability for the outstanding debt. The bank asserted in its Bankruptcy Court complaint that Wheeler's debt to it should not be discharged because Wheeler knowingly deceived the bank by representing that the debt was a partnership debt. In his answer to the bank's

[2]Although the trial judge says nothing about judicial estoppel in her memorandum of decision and it is not mentioned in Fredella's answer, the bank does not assert that judicial estoppel was not raised below. Nor does the bank contest Fredella's reliance before us on facts that appear in Federal Bankruptcy Court records but not in the trial record.

Bankruptcy Court complaint, Wheeler in effect disavowed his counsel's representation and admitted that the loans were partnership debts, for which he was personally liable.

Wheeler and the bank settled the bankruptcy dispute, agreeing that the bank's complaint should be dismissed ·with prejudice on Wheeler's payment of $1,000 to the bank. Shortly thereafter, Wheeler was released on all dischargeable debts including the bank's loans to the partnership.

We have not traditionally referred to a principle of judicial estoppel. We first used the words in *Fay* v. *Federal Nat'l Mortgage Ass'n, supra* at 787-788. The Appeals Court had earlier recognized the principle. *Correia* v. *DeSimone*, 34 Mass. App. Ct. 601, 604 (1993). We have, however, long adhered to the principle that "[a] party who has successfully maintained a certain position at a trial cannot in a subsequent trial between the same parties be permitted to assume a position relative to the same subject that is directly contrary to that taken at the first trial" (citations omitted). *Gordon* v. *Lewitsky*, 333 Mass. 379, 381 (1955), quoting *Boston* v. *Nielsen*, 305 Mass. 429, 433 (1940), and citing cases. Judicial estoppel, of course, goes beyond that principle, and a party in the second action may rely on judicial estoppel, even though not a party in the first action.

We stated in the *Fay* opinion that we would recognize judicial estoppel at least where the party to be estopped had been successful in its first assertion of its inconsistent position. *Id.* at 788. We did not need to define success because the party that might have been estopped in the *Fay* case totally failed in her earlier assertion. We decline to identify a settlement as representing success for the purposes of judicial estoppel. In deciding whether a party should be judicially estopped, we will look to see whether that party is seeking to use the judicial process in an inconsistent way that courts should not tolerate.

The circumstances of this case do not warrant applying judicial estoppel to bar the bank from maintaining in this action that the loans were obligations of the partnership. This position reflects the bank's understanding when the loans were made, and it is the basis on which this action has been maintained against Fredella. Once Wheeler realized that his debt to the bank would not be dischargeable if the loans were the product of intentional misrepresentations to the bank, he

abandoned any claim that the loans were solely his responsibility and filed a Bankruptcy Court pleading to that effect. Even if we were to accept a settlement approved by a Bankruptcy Court as the successful assertion of a prior inconsistent position, the settlement of the bank's bankruptcy claim by the payment of the relatively minor sum of $1,000 is hardly a prior "success" that warrants application of judicial estoppel. The bank was not "playing it both ways" with the judicial system. It was not inequitable, inappropriate, or a self-serving contradiction for the bank to claim that (1) the loans were partnership loans and (2) if they were not, Wheeler's obligations were not dischargeable in bankruptcy.

*Judgment affirmed.*