CHIAO-YUN KU & another[1] vs. TOWN OF FRAMINGHAM.

No. 98-P-1292.

Middlesex. March 22, 2000. - February 8, 2002.

Present: ARMSTRONG, C.J., RAPOZA, & GELINAS, JJ.

*Massachusetts Tort Claims Act. Municipal Corporations,* Liability for tort. *Estoppel. Judicial Estoppel. Negligence,* Independent contractor.

A party injured when her automobile collided with a truck owned by a private contractor salting roads for a'town was not judicially estopped from proceeding against the town, where the injured party's initial suit against the contractor resulted in a settlement. [729]

In an action against a town pursuant to G. L. c. 258, § 2, arising from an injury to a motorist when her automobile collided with a truck owned by a private contractor salting roads for the town, in which, despite the phraseology of the complaint, the theory of negligent supervision was articulated in presentment and followup letters to the town, all before the suit was filed, the motorist and her husband should have been permitted to raise their claim of negligence against the town, where the summary judgment record made out a case for the independent negligence of the town's supervisory employees under a theory of retained control. [729-731]

CIVIL ACTION commenced in the Superior Court Department on March 12, 1996.

The case was heard by *Isaac Borenstein,* J., on a motion for summary judgment.

*James J. O'Malley, III,* for the plaintiffs.

*Aaron K. Bikofsky* for the defendant.

ARMSTRONG, C.J. The plaintiff Chiao-Yun Ku was injured on January 12, 1995, when her car collided with a truck salting roads for the town of Framingham. The truck was owned by Michael L. Drake Construction Company and driven by Michael Drake. Ku and her husband filed suit against Drake and Drake Construction on February 2, 1995. They settled the lawsuit for $93,000 on October 6, 1995.

[1]David Cheng.

During discovery in the suit against Drake, the plaintiffs deposed various town employees, eliciting the following. Drake Construction worked under contract for the town, purchasing its own gasoline and doing its own repairs. Town employees supervised the work of trucks salting roads during a storm. The supervisors drove through the streets to ensure that all routes were being treated and to determine whether plowing, salting, or sanding needed to be done. In these respects, the town provided to independent contractors the same supervision that it gave its employees.

Truck operators sometimes drove in the middle of the road at night when they were salting two-lane roads (i.e., one lane in each direction), thereby spreading salt on both lanes at once. The town left to each operator whether to drive in the middle of the road. The town had a policy of limiting its own employees to ten or twelve consecutive hours of operation during storms, but the policy was not applied to independent contractors. Inferably, Michael Drake had been working for over twenty-five consecutive hours at the time of the accident.

Armed with the information elicited during discovery in the suit against Drake, the plaintiffs prepared to file this suit against the town pursuant to the Massachusetts Tort Claims Act, G. L. c. 258. That statute imposes liability on a public employer for injury or loss "caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment." G. L. c. 258, § 2, as amended by St. 1984, c. 279, § 1. Before filing the suit, the plaintiffs sent the presentment letter required by § 4 of the statute to the chairman of Framingham's board of selectmen. The letter stated that Drake had been driving on the wrong side of the road after having worked an excessive number of hours, and that he may have fallen asleep when his truck collided with Ku's car, injuring her. It further stated that the truck was salting roads on behalf of the town and that Drake and his corporation were working under the same supervision as town employees who were also operating salting trucks. The town, through a "litigation specialist," sought further information as to both the factual underpinnings and the theory of liability. The plaintiffs in reply claimed that a basis for their action was negligent supervision.

On March 12, 1996, the plaintiffs filed a complaint alleging that "the defendant by its employees, servants and agents was operating a truck on said Grove Street. The defendant so negligently operated its vehicle to cause it to collide with Chiao-[Y]un Ku's vehicle." The superintendent of the highway division of the town's public works department executed an affidavit averring that the town used a combination of employees and private contractors to do its sanding, salting, and plowing, and that Drake was a private contractor, not on the town payroll and not a town employee.

The town moved for summary judgment, contending that, for purposes of their suit against Drake, the plaintiffs had to allege that Drake was an independent contractor; for, if Drake had been a town employee, he would have had the immunity from suit conferred by G. L. c. 258, § 2. Thus, the town argued, the doctrine of judicial estoppel should bar the plaintiffs from asserting in this action that the town was liable on a theory that treated Drake as, in effect, a town employee. Focusing on the complaint's characterization of Drake as a town employee or agent, the judge allowed the motion for summary judgment on the ground of judicial estoppel. The case is before us on the plaintiffs' appeal.

The theory of judicial estoppel prohibits "a party who has successfully maintained a certain position at a trial" from assuming in a second trial "a position relative to the same subject that is directly contrary to that taken at the first trial." *East Cambridge Sav. Bank* v. *Wheeler,* 422 Mass. 621, 623 (1996), quoting from *Gordon* v. *Lewitsky,* 333 Mass. 379, 381 (1955). That decision held that a settlement did not represent success for the purposes of judicial estoppel. See *East Cambridge Sav. Bank* v. *Wheeler, supra.* Since the plaintiffs' initial suit resulted in a settlement, the doctrine of judicial estoppel does not apply to this suit.[2]

That being the case, the plaintiffs should have been permitted

---

[2]Nor does the plaintiffs' execution of a release of Drake and Drake Construction bar the plaintiffs' claim against the town. See *Cram* v. *Northbridge,* 410 Mass. 800, 804 n.5 (1991) (general release of employee does not discharge employer from liability where plaintiff alleges joint liability). Compare *Bailey* v. *Bourne,* 38 Mass. App. Ct. 70, 71-72 (1995) (plaintiff's general release of public employee operated to release public employer from

to raise their claim of negligence against the town. Despite the phraseology of the complaint, the summary judgment record made out a case of joint liability, see *Cram* v. *Northbridge*, 410 Mass. 800, 804 n.5 (1991), with Drake being responsible as a non-employee for negligent operation, and the town being liable for the independent negligence of its supervisory employee or employees under the theory of "retained control."

"[I]f the employer [of an independent contractor] retains the right to control the work in any of its aspects . . . he must exercise that control with reasonable care for the safety of others, and he is liable for damages caused by his failure to do so." *Corsetti* v. *Stone Co.*, 396 Mass. 1, 10 (1985). The principle, applied in *Cheschi* v. *Boston Edison Co.*, 39 Mass. App. Ct. 133, 135-138 (1995), is set forth in the Restatement (Second) of Torts § 414 (1965): "One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care." In order to establish the town's liability under this theory, the plaintiffs must demonstrate that Drake was "not entirely free to do the work in his own way." *St. Germaine* v. *Pendergast*, 411 Mass. 615, 622-623 & n.11 (1992), quoting from Restatement (Second) of Torts § 414 comment c.

The evidence that town supervisors remained on the roads during snowstorms and provided the same supervision to independent contractors that they gave to town employees, that the town limited the number of hours its employees worked but placed no limits on the number of consecutive hours Drake worked, and that the town permitted operators to plow down the center of two-lane roads, raised the issue whether, if the town had sufficient control of Drake's work to create liability under the principle of retained control, it exercised that control negligently.

The presentment letter required by G. L. c. 258, § 4, adequately raised a claim that the town had negligently supervised Drake. It stated that the salting truck Drake operated

---

liability and precluded subsequent suit against public employer on theory of respondeat superior).

collided with Ku's car, injuring her; that Drake may have fallen asleep while driving after working an excessive number of hours; that he had been operating his truck on the wrong side of a two-lane road; and that Drake and his corporation worked on behalf of the town under the same supervision as town employees who were also operating salting trucks. The followup letter to the town's "litigation specialist" expressly fleshed out the negligent supervision theory.[3] The town can hardly complain that the second letter was sent to the litigation specialist, as the plaintiffs had been so directed. The purpose of presentment is to "ensure[] that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future." *Lodge* v. *District Atty. for the Suffolk Dist.*, 21 Mass. App. Ct. 277, 283 (1985). That purpose was served here. Compare *Tambolleo* v. *West Boylston*, 34 Mass. App. Ct. 526, 532-533 (1993).

Similarly wanting is the town's contention that it cannot be held liable under a theory of negligent supervision because the complaint did not raise negligent supervision as a theory of liability. Nothing in the complaint precluded that theory. See *Gallant* v. *Worcester*, 383 Mass. 707, 709-710 (1981). At the summary judgment stage, a court will look beyond the complaint to the entire record. A motion to amend the complaint to reflect the negligent supervision theory should be allowed on remand. This is not a change of theory that prejudices the town. The theory was articulated in the presentment and followup letters, all before the suit was filed, and it was argued before the court on the motion for summary judgment.

The order granting summary judgment for the defendant is reversed, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

[3]The original presentment letter and the follow-up letter were before the judge before decision on the town's summary judgment motion. (The town's motion to strike the affidavit containing the letters was denied by the judge.)