Brassard, J.
The plaintiffs, Chiao-Yun Ku (“Ku”) and David Cheng (“Cheng”) (collectively the “plaintiffs”), have brought this negligence action, pursuant to G.L.c. 258, alleging that the defendant, Town of Framingham (“Framingham”), negligently supervised Michael Drake (“Drake”), the driver of the salt truck that collided with Ku. Framingham now moves for summary judgment asserting that it is not liable pursuant to G.L.c. 258, § 10(b), the “discretionary function” rule, and §10(j), the “public duty” rule. After a hearing and careful review of the papers, Framingham’s Motion for Summaiy Judgment is DENIED.
BACKGROUND
The following facts are undisputed. On January 12, 1995, Ku was injured when her car collided with a truck that was salting the roads after a snow storm. The truck was owned by Michael L. Drake Construction Company, Inc., and driven by Drake. At the time of the collision the roads were icy and slippery. The collision occurred while Drake was driving his vehicle on the center line of the road as he was salting Framingham’s streets. On February 2, 1995, the plaintiffs sued Drake alleging that he negligently operated his truck and caused the accident. On October 6, 1995, the plaintiffs settled their suit against Drake for $93,000.
In the winter of 1994 to 1995, Drake was hired by Framingham to sand and salt its streets.[1] Town employees supervised the salting of the roads by driving through the streets to ensure that all routes were being treated and to determine whether a street needed continued treatment, including plowing, salting, or sanding. The town supervisors provided this supervision to both independent contractors and town employees alike. Drake stated in his deposition that he was not directed to drive on the center line of the road; however, it was an accepted practice by other drivers in order to have the salt and sand spread evenly. He further stated that if there was “traffic going both ways, you stay in your lane.”
*759 According to depositions submitted by Framing-ham, the only instructions given to drivers was that both sides of the road needed to be treated with salt and sand. The drivers were never instructed on how to safely drive their vehicles. Framingham also had a policy that town employees were limited to ten or twelve consecutive hours of operation during storms. Framingham did not maintain a policy regarding the number of continuous hours an independent contractor may work. At the time of the accident, Drake had >been working continuously for twenty-five hours.
On March 12, 1996, the plaintiffs sued Framing-ham alleging that “the defendant by its employees, servants and agents was operating a truck on said Grove Street. The defendant so negligently operated its vehicle to cause it to collide with [Ku’s] vehicle.” On or about January 1997, Framingham moved for summary judgment arguing that the plaintiffs had to allege that Drake was an independent contractor, because if Drake had been a town employee, he would have had immunity pursuant to G.L.c. 258, §2. Framingham argued that judicial estoppel should bar the plaintiffs from asserting that Framingham was liable on a theory that it treated Drake as a town employee. Framingham’s motion for summary judgment was allowed, and the plaintiffs appealed. The Appeals Court reversed and held that the plaintiffs were not judicially estopped from proceeding against Framing-ham where the plaintiffs’ suit against Drake resulted in a settlement. The Appeals Court further held that the summary judgment record made out a possible case for the independent negligence of Framingham’s supervisory employees whether Drake was a Town employee or an independent contractor. See Chiao-Yun Ku v. Town of Framingham, 53 Mass.App.Ct. 727, 730 (2002).
Subsequent to the Appeals Court decision, the plaintiffs filed an Amended Complaint. The plaintiffs allege in their Amended Complaint that: (1) “[Framing-ham], by its employees, was supervising the operation of salting trucks on said Grove Street”; (2) “[Framing-ham] negligently supervised the driver of a salting truck causing the truck to collide with [Ku’s] vehicle”; and (3) “As a result of Framingham’s negligence, direct and imputed, [Ku] suffered physical injury . . .” On or about October 8, 2002, Framingham filed the present motion for summary judgment arguing that it is protected from liability pursuant to the “public duly” rule and the “discretionary function” rule provided for by the Massachusetts Tort Claims Act.
DISCUSSION
This court grants summary judgment where there are no genuine issues as to any material facts and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of triable issue, and that the summary judgment record entitles it to judgment in its favor as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motor Corp., 410 Mass. 706, 716 (1991).
I. Massachusetts Tort Claims Act
The plaintiffs have brought this negligence action against Framingham pursuant to the Massachusetts Tort Claims Act (“Tort Claims Act”). This Act provides that, “[p]ublic employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment . . .” G.L.c. 258, §2 (emphasis added). Factors to consider in interpreting “while acting within the scope of his office or employment” include, “whether the conduct in question is of the kind the employee is hired to perform, whether it occurs within authorized time and space limits, and whether it is motivated, at least in part, by a purpose to serve the employer.” Clickner v. City of Lowell, 422 Mass. 539, 542 (1996), citing Wang Lab., Inc. v. Business Incentives, Inc., 398 Mass. 854, 859 (1986).
Drake was hired by Framingham to sand, salt, and plow the streets of Framingham. While salting the center of Grove Street, Drake and Ku collided, causing Ku’s injuries. The purpose of salting and sanding the streets was to alleviate the slippery conditions. By curing the slippery conditions Drake assisted Framingham in maintaining safe conditions on the streets. This court concludes that Drake was “acting within the scope of his employment” and therefore, the Tort Claims Act applies.
II. “Public Duty” Rule
Framingham contends that even if the Tort Claims Act applies, the plaintiffs’ allegations that Framing-ham negligently supervised Drake by allowing him to operate his truck continuously for twenty-five hours and permitting him to operate his vehicle on the wrong side of the road, is barred by G.L.c. 258, § 10(j) (“public duty” rule). The “public duty" rule provides an exception to liability for:
any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, .. . which is not originally caused by the public employer or any other person acting on behalf of the public employer.
(Emphasis added.)
The purpose of this rule is to “provide some substantial measure of immunity from tort liability to *760 governmental employers.” Brum v. Town of Dartmouth, 428 Mass. 684, 695 (1999). The Supreme Judicial Court recently clarified the “public duty” rule and interpreted “originally caused,” “to mean an affirmative act ... by a public employer that creates the ‘condition or situation’ that results in harm inflicted by a third party.” Kent v. Commonwealth, 437 Mass. 312, 317 (2002).
Framingham argues that the Supreme Judicial Court has held that negligent supervision is not an affirmative act, but instead, is a failure to act, and thus is not an original cause of a condition or situation. See Kent, 437 Mass. at 318-20; Brum, 428 Mass. at 695-96. However, these cases are distinguishable from the matter before this court. In these cases, the wrongdoer was not a town or state employee, but a third party, and the claim against the town or the Commonwealth was its failure to act or prevent the harm. See Kent, 437 Mass. 312 (parole board released a parolee who later shot and injured a police officer); Brum, 428 Mass. 684 (victim was stabbed to death while at school by three armed individuals).
Conversely, in the matter before this court, the wrongdoer was acting as an employee or as an independent contractor “on behalf of the public employer.” When actions by such a person create the condition that causes the harm, the statutory exception is not applicable and the public employer is liable. See Kent, 437 Mass. at 319 (“In order for a public employer’s affirmative act to be the ‘original cause’ ... we hold that the act must have materially contributed to creating the specific ‘condition or situation’ that resulted in the harm”); Joseph W. Glannon, Liability for “Public Duties” Under the Tort Claims Act: The Legislature Reconsiders the Public Duty Rule, 79 Mass.L.Rev. 17, 26 (1994) (“[the scope of the ’public duty’ rule] requires some involvement of a public employee in creating the initial injury-causing scenario, not simply a failure to respond adequately after it arises”). Moreover, even before the “public duty” rule was added to the Tort Claims Act, the Supreme Judicial Court provided guidance on this very issue. In Cyran v. Ware, 413 Mass. 452 (1992), Justice O’Connor stated in his concurrence that employers should not be liable for situations, “in which the plaintiff has been harmed by a condition or situation which was not originally caused by the public employee, and is attributable to the employee only in the sense that the employee failed to prevent or mitigate it.” Id. at 467.
This court notes the existence of cases where the wrongdoer was a public employee, but the public employer was not liable for the employee’s action because the acts occurred outside the scope of employment. See Brimage v. City of Boston, No. 97-1912-A, 2001 WL 69488 (Jan. 24, 2001) (Fremont-Smith, J.) (13 Mass. L. Rptr. 4) (city supervisor raped another city employee after work hours at his apartment); Booker v. City of Boston, et al., No. 97-CV-12534, 2000 U.S. Dist. LEXIS 18652 (Dec. 12, 2000) (Lasker, J.) (special education teacher inappropriately touched his students); Doe v. Old Rochester Regional School Dist., 56 F.Sup.2d 114 (1999) (teacher raped and assaulted student). These cases are distinguishable because Drake was clearly acting within the scope of his employment and “on behalf of the public employer.” This court concludes that the “public duty” rule is not applicable.
III. “Discretionary Function” Rule
Framingham also asserts that it is not liable pursuant to G.L.c. 258, § 10(b), the “discretionary function” rule which provides an exception to liability for:
any claim based upon the exercise of performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused.
When interpreting this exception, courts must first consider, “whether the governmental actor had any discretion at all as to what course of conduct to follow” and second, “whether the discretion that the actor had is that kind of discretion for which § 10(b) provides immunity from liability.” Harry Stoller and Co., Inc. v. City of Lowell, 412 Mass. 139, 141 (1992).
The first step involves a determination of whether Framingham has any discretion to monitor its employees’ hours and to provide procedures for salting and sanding the streets. If there is a statute, regulation, or established agency practice then there is no discretion and the discretionary function exception is not applicable. See id. In the matter before this court, there appears to be no statute, regulation or agency practice on the salting, sanding, and plowing of roadways. Therefore, Framingham survives the first step of this analysis.
The second step is more difficult to ascertain because all decisions involve discretion. See id. However, the Supreme Judicial Court has narrowly interpreted this exception to provide “immunity only for discretionary conduct that involves policymaking or planning.” Id. The courts must determine whether the conduct which causes the injury has a “high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning, . . .” as opposed to conduct which consists of “carrying out previously established policies or plans.” Whitney v. Worcester, 373 Mass. 208, 218 (1977).
Framingham does not meet this second step in the analysis. Framingham argues that snow removal entails a high degree of discretion because the Town has to weigh many alternatives with respect to public policy, planning, and the allocation of scarce public resources. It further argues that the decision not to *761 supervise and oversee the number of hours drivers are working is motivated by economic considerations.
At root the plaintiffs claim that Drake, a Town employee, was operating a salt truck negligently by driving it down the middle of a street. This conduct, and the Town’s role in supervising its snow removal operators, do not involve the high degree of discretion described by the Supreme Judicial Court. Compare Barnett v. City of Lynn, 433 Mass. 662 (2001) (holding that it was city’s discretion not to remove snow from 'an unpopulated site); Alake v. City of Boston, 40 Mass.App.Ct. 610 (1996) (holding that city had discretion in determining how many chaperones to send on a field trip); Tarzia v. Town of Hingham, 35 Mass.App.Ct. 506 (1993) (holding that the city had discretion on how it dealt with the accumulation of silt and vegetation in the river and the pond). Instead, plowing and salting streets after a storm is better characterized as maintenance, and “any negligence in performing or falling to perform, the ministerial task of maintenance does not rise to the level of ‘public policy or planning’ decisions warranting protection under G.L.c. 258, § 10(b).” Doherty v. Town of Belmont, 396 Mass. 271, 276 (1985). This court concludes that the “discretionary function” rule is not applicable.
ORDER
For the foregoing reasons it is hereby ORDERED that Framingham’s Motion for Summary Judgment is DENIED.

This Court does not reach the question of whether Drake was an independent contractor or a town employee. The parties suggest that whether Framingham treated Drake as a town employee is a material fact in dispute.