Introduction
Lu, J.
The plaintiff, API Leasing, Inc. (API), owns and leases heavy construction equipment. On April 17,2001, API commenced this action against defendants Site, Inc. (Site), a construction company, and Lumbermens Mutual Casualty Company (Lumbermens), the surety on a construction bond obtained by Site, for damages relating to Site’s rental and alleged damage of construction equipment and Lum-bermens’ failure to respond to letters sent by API seeking bond proceeds to pay the amount owed to it by Site.
Discussion
API and Lumbermens settled their dispute and in April, 2002, they filed a joint motion dismiss the Lumbermens claims. Shortly thereafter, API moved to amend the complaint to substitute Peter Zagorianakos (Zagorianakos), a principal of Site, as a defendant both in his individual capacity and doing business as Site, Inc. The amended complaint alleged that it was Zagorianakos who rented the equipment without paying rental fees and then returned the equipment in a damaged condition. After a hearing, the motion to amend the complaint was allowed by the court on May 14, 2002. Trial was held on December 18, 2002, after which the court found in favor of API as against Zagorianakos and awarded damages in the amount of $4,421.84.
At the trial, and again on appeal,[1] Zagorianakos argues that the doctrine of judicial estoppel prohibits API from seeking damages from him. Judicial estop-pel “precludes a party in certain circumstances from asserting a position in one proceeding that is contrary to a position that the party previously asserted successfully in another proceeding.” East Cambridge Savings Bank v. Wheeler, 422 Mass. 621 (1996). It is a means by which courts can prevent parties from “playing ‘fast and loose’ with the courts.” Fay v. Federal National Mortgage Association, 419 Mass. 782, 787-788 (1995) (citations omitted). Here, Zagorianakos argues that in API’s letters seeking bond proceeds and initially in this lawsuit, it sought recovery against only Site and that it did not proceed against them individually until after the settlement with Lumbermens, which position prevents API from proceeding against Zagorianakos personally.
*2 A settlement is not a form of “success” that gives rise to judicial estoppel. Id. at 623; Yun Ku v. Town of Framingham, 53 Mass. App. Ct. 727 (2002). Nor is the court convinced that, on these facts, seeking recovery against both a business and its principal is the type of “fast and loose” conduct that gives rise to judicial estoppel.
API may seek relief on arguably inconsistent claims. Mass. R Civ. E, Rule 8(e) (“A party may also state as many separate claims or defenses as he has regardless of consistency...”) Moreover, when the complaint was amended to allow for claims against Zagorianakos, the amendment related back to the original pleading and did not create a “separate proceeding” or another stage to this litigation. Mass. R Civ. R, Rule 15(c)[2]; Fay at n.10.
There was ample evidence adduced at trial to support the court’s findings.[3] The president of API, Nicholas Abraham (Abraham), received a telephone call from
Zagorianakos in October, 2000, who said that he wanted to rent a piece of construction equipment for a construction project. In response, Abraham sent Zagori-anakos a lease contract made out to Zagorianakos individually. There was evidence that Zagorianakos received the contract and did not sign it or send it back to API, but accepted delivery of the equipment at the construction site, where it was used and damaged. In light of these facts, judgment in favor of API was warranted.
Conclusion
For the foregoing reasons, the appeal is dismissed.
So ordered.

 The notice of appeal filed by Zagorianakos also raises two additional issues as grounds for appellate relief: whether he should be held vicariously liable for the damage to the equipment and whether the amount awarded by the court to API failed to take into account the sums paid by Lumbermens. As these two additional issues were not briefed by the parties, they are waived. Karen Construction Co. v. Lizotte, 396 Mass. 143, 148 (1985).

 Mass. R Civ. R, Rule 15,states in relevant part, “whenever the claim ... asserted in the amended pleading arose out of the... transaction... set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.”

 It is likely that Zagorianakos raised the issue of judicial estoppel before the judge considering the motion to amend to add him to the complaint. The court’s allowance of that motion implied another rejection of the judicial estoppel argument.