Connon, Richard F., J.

BACKGROUND

On November 9th, 2004, this court denied Defendants’ Motion in Limine to Limit Plaintiffs Damages to $21,809.58. The underlying facts were that the Plaintiff Pancho Villa, Inc. had entered into a lease agreement with the Defendant Elena Black, Trustee of the Cape Entertainment Trust. The other defendants, Mehdi Hosseini, Mohsen Hosseini and Hosneah Shakri, were guarantors under the lease. On or about October 15th, 1992, Cape Entertainment, Inc., the sole beneficiary of the trust and a corporation operating the nightclub at 976 Route 28, West Yarmouth, filed a petition with the United States Bankruptcy Court under the provisions of Chapter 11 of the Bankruptcy Code. In that proceeding, the Plaintiff Pancho Villa filed a motion to convert the case under Chapter 11 to a Chapter 7. In filing its motion, Pancho Villa stated that the unpaid amount of rent due under the lease was $21,809.58. Pancho Villa contended that the conversion to a Chapter 7 case would prevent a further loss to Pancho Villa. The Bankruptcy Court allowed the motion and Pancho Villa reacquired possession of the nightclub in January of 1993 and thereafter re-let the premises to another individual. On or about September 21st, 1985, Pancho Villa filed a voluntary petition with the United States Bankruptcy Court under Chapter 11 of the Bankruptcy Code. In its petition, it sought protection to fend off a mortgage holder and in filing its schedule of assets with the Bankruptcy Court, Pancho Villa listed two small bank accounts and no claim for rent was listed as against the defendants in these matters.
The case was commenced on July 27, 1998 where Pancho Villa seeks to collect $472,500.00 from the defendants which would be the unpaid rent under the lease.
In its decision of November 9th, this Court stated that the doctrine of judicial estoppel did not apply to these matters. In support of its denial, the court stated that the evidence and argument that was previously asserted by the plaintiff to the Bankruptcy Court resulted in a private resolution between the parties and a dismissal by that court. Additionally, that the Defendants could not point to a prior position asserted by the plaintiff that the court will recognize as a successful prior inconsistent legal position and therefore, in exercising its discretion the court stated that judicial estoppel to limit the evidence of the Plaintiffs damages did not apply.
Upon reconsideration, this Court reviewed all of the facts, as it had previously, and reviewed the position taken by the Defendant in its Motion for Reconsideration, as well as the Memorandum of the Plaintiff in opposing said motion for consideration.
In citing East Cambridge Savings Bank v. Wheeler, at 422 Mass. 621 (1996), the Supreme Judicial Court stated, “We have not traditionally referred to a principal of judicial estoppel. We first used the words in Fay v. The Federal National Mortgage Association, 419 Mass. 782, however the Supreme Judicial Court had long adhered to the principal that a party who has successfully maintained a certain position at a trial cannot in a subsequent trial between the same parties be permitted to assume a position relative to the same subject that is directly contrary to that taken at the first trial.” As the court pointed out in Fay, they recognized judicial estoppel, at least where the party to be estopped had been successful in its assertion of its inconsistent position. In deciding whether a party should be judicially estopped, the court will look to see whether that party is seeking to use the judicial *372 process in an inconsistent way that courts should not tolerate.
A closer look at the facts surrounding the first bankruptcy, in that case Pancho Villa filed a motion to convert the case under a Chapter 11 to Chapter 7, and in that motion the Plaintiff asserted that the unpaid rent due under the lease from the Defendants was $21,809.58, which consisted of the property taxes of $2,589.34, insurance in the amount of $4,220.24 and rent in the amount of $15,000.00. In filing said petition, the Plaintiff stated that the conversion to a Chapter 7 would prevent further loss to Pancho Villa as the loss could be avoided with that conversion.
The position Pancho Villa now takes is that they are due rent in the amount of $472,500.00.
Pancho Villa was successful in convincing the Bankruptcy Court to convert the petition from a Chapter 11 to a Chapter 7. Further support that this Court’s decision is based upon the bankruptcy filing by the Plaintiff Pancho Villa on September 21st of 1995, where it sought protection to fend off a mortgage holder. In its Schedule of Assets, which was filed under the penalties of peijury with the court, Pancho Villa reported only the nightclub and two small bank accounts. There was no claim for rent against the Defendants listed among those assets.
When a debtor files for bankruptcy, it must list all of its assets, including causes of action. Payless Wholesale Distributing v. Alberto Culvert, Inc., 989 Federal 2nd, 570, 571 (1st Circuit), disclosing adequate information under Section 1125(A)(1) includes disclosure of litigation. Such acts have been identified by the First Circuit as acts of concealment as “palpable fraud that the court will not tolerate, even passively,” as well as an unacceptable abuse of judicial proceedings. Payless, supra, 571.
11 U.S.C. Section 521, § 1 requires the debtor to “file a list of creditors and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of debtor’s financial affairs.”

ORDER

For all these reasons, the Defendant’s Motion for Reconsideration is ALLOWED and the prior order denying the motion to limit damages is hereby REVOKED and the court further orders that the Plaintiffs evidence of damages is limited to $21,809.58.