Tucker, Richard T., J.
In certain claims made in the twenty-nine pages and one hundred and twenty-nine numbered paragraphs of plaintiffs’ complaint, Kevin Vance (Vance) seeks judgment against the defendant UMass Memorial Medical Center, Inc. (UMass) for unpaid commission payments alleged to be due to Vance under oral and written compensation agreements with UMass. These claims are found in Counts I, II, III, V, VI and VII of plaintiffs’ third amended complaint. UMass seeks partial summary judgment on these claims based upon Vance’s alleged admissions made in a prior Probate and Family Court proceeding. The defendant, UMass asserts the doctrine of judicial estoppel.
Ahearing was held on December 12, 2013, at which counsel for Vance and UMass provided oral arguments in addition to their very detailed written submissions. After careful review of all materials presented, I find that the motion for partial summary judgment of UMass must be DENIED.
DISCUSSION
The applicable standard for ruling on a motion for total summary judgment or partial summary judgment is longstanding and well known.
Summary judgment shall be granted only where there are no genuine issues of material fact in dispute and where the summary judgment record entitles the moving party entitled to judgment as a matter of law. Opara v. Massachusetts Mutual Life Insurance Company, 441 Mass. 539, 544 (2004); Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). In deciding a motion for summary judgment, the Court views the facts “in the light most favorable to ... [the non-moving party], taking all the facts set forth in its supporting affidavits as true.” G.S. Enters., Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991). The moving party bears the burden of affirmatively demonstrating the absence of a genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party demonstrates the absence of a triable issue, “the non-moving parly may not simply rest on pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” Corréllas v. Viveiros, 410 Mass. 314, 317 (1991), quoting Mass.R.Civ.P. 56(e). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
There can be little dispute to the fact that genuine issues of material fact exist between the parties on the issue of Vance’s entitlement to commissions. Vance asserts a right to commissions under an oral and written contract. UMass disputes the existence of any such contracts and, if they are established, UMass alternatively disputes each contract’s terms. Thus under Rule 56’s requirement that material facts in dispute should be reserved for the ultimate finder of fact, UMass’ motion would typically be denied.
UMass, however, avers that a finder of fact should not address these factual issues as the plaintiff is *609 barred from asserting his position, as a matter of law, under the doctrine of judicial estoppel.
Judicial estoppel is an equitable doctrine that precludes a party from asserting a position in one legal proceeding that is contrary to a position it had previously asserted in another proceeding. Blanchette v. School Comm, of Westwood, 427 Mass. 176, 184 (1998). See East Cambridge Savings Bank v. Wheeler, 422 Mass. 621, 623-24 (1996); Fay v. Federal National Mortgage Ass’n, 419 Mass. 782, 787-88 (1995). “The purpose of the doctrine is to prevent the manipulation of the judicial process by litigants.” Canavan’s Case, 432 Mass. 304, 308 (2000). As an equitable doctrine, judicial estoppel is not to be defined with reference to “inflexible prerequisites or an exhaustive formula for determining [its] applicability.” New Hampshire v. Maine, 532 U.S. 742, 751 121 S.Ct. 1808, 149L.Ed.2d 968 (2001). Rather, the doctrine is properly invoked whenever a “party is seeking to use the judicial process in an inconsistent way that courts should not tolerate.” East Cambridge Sav. Bank v. Wheeler, supra at 623.
UMass asserts that Vance’s positions taken and statements made in a prior Probate and Family Court proceeding are contrary to the position he takes in this action claiming to be entitled to commission compensation. In this present action Vance claims to be due commissions pursuant to an oral agreement with UMass entered into in 2006 and thereafter pursuant to a written agreement in 2008. In 2009 Vance’s former wife sought an increase in alimony and filed a complaint for modification in the Probate and Family Court. Thereafter Vance filed a similar complaint for modification seeking an increase in the child support his former wife had been paying to him. At an oral deposition given under oath by Vance he denied getting “bonuses,” admitted being entitled to receive “add comp” (additional compensation) but stated that his additional compensation entitlement was not set forth in a writing and that the award of additional compensation was “at their [UMass’] discretion.”[1]
Additionally, UMass states that Vance set forth in a pre-trial conference memoranda (Pre-Trial Memo-randa) that he receives “discretionary additional income” from UMass and wrote the word “discretionary” next to the category of additional compensation word “Bonuses” on the required Probate and Family Court Financial Statement that Vance signed “under the penalties of perjury.”
UMass asserts that Vance is “playing fast and loose” with the courts by these contrary positions proffered by him in the modification action and should thus be judicially estopped from asserting that he is entitled to contractual commission compensation in this action. Whether Vance has honored the letter and the spirit of the oaths under which he made these statements might be a great concern for others including the Probate and Family Court and Vance’s former wife. Here however his statements do not require the application of the judicial estoppel doctrine for the following reasons.
1. The requirements of judicial estoppel
Judicial estoppel, being equitable in nature, is
“not reducible to any general formulation or principle.” New Hampshire v. Maine, 532 U.S. 742, 750 (2001) quoting Allen v. Zurich Ins. Co., 667 F.2d 1162, 1166 (4th Cir. 1982). However, two fundamental elements have been recognized as forming the core of the equitable estoppel doctrine. “First, the position being asserted in the litigation must be ‘directly inconsistent,’ meaning ‘mutually exclusive’ of, the position asserted in the prior proceeding. Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 33 (1st Cir. 2004), and cases cited. See New Hampshire v. Maine, supra at 750 (current position must be ‘clearly inconsistent’ with prior position) . . . Second, the party must have succeeded in convincing the court to accept its prior position.”
Otis v. Arbella Mutual Insurance Co., 443 Mass. 634, 640-41 (2005), citing Alternative Sys. Concepts, Inc. v. Synopsys, supra.
Here parties might argue whether Vance’s former position that add comp was discretionary with UMass and that he had no contract in writing was “mutually exclusive” of his present position of being owed commissions based upon oral and written contracts, but there is much less room for dispute over the second element. In the divorce modification both Vance and his former wife were seeking increases in the amount that each was paid by the other. The decision of the Probate judge increased the alimony payments to be paid by Vance to the ex-wife, and denied Vance’s request for an increase in the child support of the ex-wife to Vance for the educational expenses of their son. In short, Vance did not succeed in the prior proceeding. Judicial estoppel is not applicable.
2. The exercise of judicial discretion
The “[application of the equitable principle of judicial estoppel to a particular case is a matter of judicial discretion.” Otis v. Arbella Mutual Insurance Co., supra at 640, citing New Hampshire v. Maine, supra The Supreme Judicial Court has refrained from delineating the manner in which trial judges should weigh the equities in the application of their discretion. The Court has stated, however, that a judge’s discretion should be exercised to further the overall purpose of the judicial estoppel doctrine, that being “to safeguard the integrity of the courts by preventing parties from improperly manipulating the machineiy of the judicial system.” Id. at 642.
Here the application of judicial estoppel based upon prior statements, not very relevant to the issues presented herein, might veiy well do an injustice in this action. Despite any alleged untruthfulness of Vance in *610 the Probate court, this action should be decided upon the determination of the true facts presented. If Vance’s present claims are valid and provable, he allegedly is entitled to hundreds of thousands of dollars in commissions. To bar this civil action upon prior statements that have little evidentiary value other than impeachment in the present case, could result in a huge windfall for UMass. Obtaining an unfair advantage or imposing an unfair detriment on the opposing party by the operation or non-operation of estoppel should be considered. Id. at 641, citing New Hampshire v. Maine, supra at 751.
Here as a matter of discretion, I find that to impose judicial estoppel could, under certain circumstances, result in an unfair detriment to Vance and an undeserved windfall to UMass.[2] Thus the doctrine will not be applied. This action should be tried and determined on its factual merits.
ORDER
For the reasons stated, the motion for partial summary judgment of the defendant UMass Memorial Medical Center, Inc. is DENIED.

Vance’s deposition testimony was as follows:
Q: You get a salary and you get bonuses, right?
Mr. Vance: I don’t get bonuses.
Q: Okay. You get—
Mr. Vance: I don’t have a bonus program.
[[Image here]]
Mr. Vance: . . . They don’t call them bonuses.
Q: What do they call them?
Mr. Vance: I believe add comp.
[[Image here]]
9: Are there formulas that exist for add comp; in other words, on what basis do they decide that add comp is appropriate?
Mr. Vance: It’s at their discretion.
Q: Yes. Whose discretion?
Mr. Vance: I guess UMass.
Q: Who makes the decisions?
Mr. Vance: I’m not sure who makes the decision.
Q: Is there anything in writing in terms of the basis for add comp?
Mr. Vance: I don’t have any agreements.
[[Image here]]
Q: Do you understand the basis upon which add comp is awarded?
Mr. Vance: No.
Q: As far as you’re concerned, it’s a complete mysteiy, correct?
Mr. Vance: It’s at their discretion.
Q: Do you know what criteria they take into consideration? Mr. Vance: I’m assuming I’m doing a good job.
Q: The question, sir, is what criteria do they take into consideration?
Mr. Vance: I’m not sure.
[[Image here]]
Q: ... So how many times a year is add comp awarded?
Mr. Vance: I have no idea. It’s at their discretion.
Q: Is it awarded on a quarterly basis?
Mr. Vance: I just said I have no idea. It’s at their discretion.

Of course, the Court does not presume or intimate that Vance’s claims are valid or that UMass’s defenses won’t prevail at trial.