Wrenn, Daniel M., J.
In this action, the plaintiff, Carmen Rivera (the “plaintiff’), asserts statutory and tort claims to recover damages arising from the defendants, VHS Acquisition Subsidiary Number 7, Inc. d/b/a Saint Vincent Hospital (“Saint Vincent’s”) and Darlene Mwangi (“Mwangi”) (collectively the “defendants”), allowing strangers to access and photograph the dead body of the plaintiffs son as he lay in a hospital bed. The complaint includes counts for violation of the plaintiffs statutory right of privacy under G.L.c. 214, §1B (Count I), negligent control of a dead body (Count II), and negligent infliction of emotional distress (Count III).
The matter is now before the Court on the defendants’ Motion For Summary Judgment. Further, the defendants also request that the Court impose sanctions against the plaintiff for the loss of evidence under the doctrine of spoliation. For the reasons set forth below, the defendants’ motion is DENIED. The defendants’ request for sanctions is similarly DENIED.
BACKGROUND
The following is a brief summary of the relevant facts, viewed in the light most favorable to the plaintiff. See Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982).
On April 12, 2009, the plaintiffs son, Louis Rosario (“Rosario”), sustained two gunshot wounds. Rosario was transported to Saint Vincent’s, where he was treated in Emergency Department Room Number 5 (“ER Room 5”). Mwangi was the nurse assigned to ER Room 5. Shortly after his arrival to ER Room 5, Rosario was pronounced dead at 3:44 a.m.
After Rosario’s death, four individuals viewed his corpse. These individuals represented themselves to hospital staff as Rosario’s brother, his wife, the mother of his baby, and the sister of the mother of his baby. The hospital staff did not confirm the identity of any of the four individuals who viewed Rosario’s corpse. The Emergency Department treatment area, in which *389 ER Room 5 is located, is not accessible to the public without access first being granted by hospital security guards or nurses.
At the time in question, Saint Vincent’s did not have a policy in place which required hospital staff to verify the identify of individuals who claimed to be friends or relatives of unconscious or deceased hospital patients. Furthermore, most hospital staff members did not attempt to verify whether visitors were who they identified themselves to be.
The hospital staff allowed the individuals into ER Room 5 two-at-a-time, with the individuals who identified themselves as Rosario’s brother and wife entering first. No hospital staff accompanied the individuals into ER Room 5. At that time, Saint Vincent’s did not have a policy in place which required that a hospital staff member accompany individuals into hospital rooms which contained a corpse of a deceased patient.
The plaintiff received notification other son’s death, and traveled to Saint Vincent’s from her home in Hartford, Connecticut. While en route, the plaintiff received a text message containing a photograph other son’s corpse in a hospital bed. According to the plaintiff, the text message did not contain a phone number. The plaintiff received no other text messages containing an image of her son’s corpse.
The plaintiff arrived at the hospital at 9:27 a.m. Upon arriving, the plaintiff was informed that four individuals had already viewed Rosario’s corpse. The plaintiff told members of the hospital staff that the individuals were not related to Rosario. The plaintiff identified the person who posed as Rosario’s brother as his roommate and the person who posed as his wife as Rosario’s ex-girlfriend.
On the day in question, Saint Vincent’s had in place a policy which prohibited photography in patient treatment areas without the patient’s consent. Hospital staff members understood that taking a picture of a patient without that patient’s consent violates this policy, and staff members regularly enforced this policy.
The image of Rosario’s corpse was also posted on MySpace, a social-networking website.
The image did not personally identify Rosario, but the person who posted the image wrote “Mission Accomplished” in the post alongside the image. The plaintiff did not personally view the image on MySpace, but was informed of it by her niece, Josephine Garay. Additionally, Rosario’s girlfriend, Camila Reed, told the plaintiff that she viewed Rosario’s picture online.
The plaintiff is no longer in possession of the cellular phone, or the SIM card of the cellular phone, on which she received the text message containing the image of Rosario. The cellular phone was a pre-paid flip cellular phone, it was cheaply made, and broke. The plaintiff cannot recall exactly when or how the cellular phone broke. The plaintiff also cannot recall the phone number or the cellular carrier for the cellular phone on which she received the text message.
The plaintiff claims that, as a result of the incident, she has trouble sleeping, will wake up in cold sweats, will go day-by-day, sometimes without leaving her house, is unable to function, and is unable to concentrate. Furthermore, she claims that she suffers from anxiety, depression, insomnia, and memory difficulties. The plaintiff has endured multiple hardships in life both prior to and since the incident at issue, but only began receiving psychological treatment after the incident at issue.
Now before the Court is the defendants’ Motion for Summary Judgment and request for sanctions under the doctrine of spoliation. The Court held a hearing on September 16, 2014 to hear argument on the motion.
DISCUSSION
I. Standard of Review
Summary judgment shall be granted where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c) (2002); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on all relevant issues. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s claim, or by illustrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving parly “establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact.” Pederson, 404 Mass. at 17, citing O’Brion, Russell & Co. v. LeMay, 370 Mass. 243, 245 (1976). The Court reviews the evidence in the light most favorable to the nonmov-ing party, but does not weigh evidence, assess credibility, or find facts. Bailey, 386 Mass. at 370-71. Summary judgment is generally disfavored in negligence actions because of the inherently factual nature of the dispositive issues, which are ordinarily left to the determination of the trier of fact. See Manning v. Nobile, 411 Mass. 382, 388 (1991).
II. Analysis
In support of their motion, the defendants contend that the plaintiff failed to produce sufficient evidence to demonstrate a genuine issue of a material fact as to each of the plaintiffs three claims. The defendants also request that the Court impose sanctions on the plaintiff under the doctrine of spoliation. Each issue will be discussed as follows.
A. Invasion of Privacy Claim
The plaintiff brings her claim of invasion of privacy under G.L.c. 214, §1B, which provides that “[a] person *390 shall have a right against unreasonable, substantial or serious interference with his privacy.” Schlesinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 409 Mass. 514, 517 (1991), quoting G.L.c. 214, §1B. The plaintiff references statutory claims under the public disclosure of private facts theoiy as well as the invasion of solitude theoiy. While most cases decided under G.L.c. 214, § 1B concern the public disclosure of private facts, “a plaintiff also may support a claim of invasion of privacy by showing that a defendant has intruded unreasonably upon the plaintiffs ‘solitude’ or ‘seclusion.’ ” Polay v. McMahon, 468 Mass. 379, 383 (2014). If a summary judgment record demonstrates that the plaintiff has a viable claim on some legal theoiy, and that legal theoiy is consistent with the facts alleged, then a defendant is not entitled to summaiy judgment. See Ku v. Framingham, 53 Mass.App.Ct. 727, 729-30 (2002). The Court thus considers whether the plaintiff has produced sufficient evidence to make out a statutory violation under the public disclosure of private facts theoiy.[3]
To sustain a cause of action for an invasion of privacy for the public disclosure of private facts, the invasion must be both unreasonable and either substantial or serious. Schlesinger, 409 Mass. at 517-19. The plaintiff must produce evidence that the information in question was private, and that the defendants gathered or disseminated that private information. See Dasey v. Anderson, 304 F.3d 148, 155 (1st Cir. 2002) (explaining that §1B protects individuals from disclosure of facts that are “of a highly personal or intimate nature when there exists no legitimate, countervailing interest”); see also Nelson v. Salem State College, 446 Mass. 525, 536 (2006), citing Dasey, 304 F.3d at 154 (plaintiff must show that information was gathered or disseminated).
Drawing all inferences in favor of the plaintiff, a reasonable juiy could conclude that the defendants violated the privacy statute by allowing four persons, unrelated to Rosario, unsupervised access to ER Room 5 to view Rosario’s corpse. See Bennett v. Holyoke, 230 F.Sup.2d 207, 223 (D.Mass. 2002) (denying motion for summaiy judgment and finding that reasonable juiy could conclude that allowing access to plaintiffs confidential file that contained information of private or intimate nature violated the privacy statute). A reasonable jury could also conclude that the corpse of one’s child would be of a “highly personal or intimate nature” so as to afford the plaintiff a privacy interest therein. Dasey, 304 F.3d at 153, quoting Bratt v. International Business Machs. Corp., 392 Mass. 508, 518 (1984). Although Massachusetts case law has yet to squarely address the question before the Court, other courts have recognized a relative’s privacy interest in a deceased body, as well as in images of the deceased body. See National Archives & Records Admin. v. Favish, 541 U.S. 157, 166 (2004) (holding that personal privacy rights of family members prevent dissemination of photographs of deceased’s death scene); see also Catsouras v. Department of the Cal. Highway Patrol, 104 Cal.Rptr.3d 352, 361-67 (2010) (finding privacy interest of family members of deceased provided for cause of action against state troopers who sent death scene photographs of deceased to strangers). Furthermore, a reasonable juiy could conclude that the mere act of allowing the four individuals to enter ER Room 5 to view Rosario’s coipse would constitute a dissemination of the plaintiffs private information. See Bennett, 230 F.Sup.2d at 223 (allowing one person access to plaintiffs personnel file constituted dissemination of private information). Accordingly, as the defendants have failed to demonstrate that no genuine issue of material fact exists regarding the plaintiffs invasion of privacy claim, the Court denies defendants’ motion as to Count I.
B. Negligence Claims
The defendants request that this Court grant their motion for summaiy judgment on the plaintiffs remaining claims, which are based on two different theories of negligence: negligent control of a dead body (Count II); and negligent infliction of emotional distress (Count III). Both of these claims depend upon a finding that the defendants acted negligently. As such is the case, the Court will analyze these claims in tandem.
The defendants have not met their burden of either negating the plaintiffs evidence or showing that the plaintiff has no reasonable expectation of proving its case for either claim. Kourouvacilis, 410 Mass. at 716.
First, the Court does not agree that a claim for negligent control of a dead body under Massachusetts law is as restricted as the defendants suggest. The defendants contend that such a claim requires some level of physical contact with the corpse, and provide the Court with multiple cases from other jurisdictions with holdings to support their premise. However, they also acknowledge that Massachusetts case law has recognized no such restriction exists within our precedent. See Rubianogroot v. Swanson, No. 9805968, slip op. at 3 (Mass.Super. June 13, 2001) (Brassard, J.) [13 Mass. L. Rptr. 276]. The plaintiff has put forth sufficient evidence that a reasonable trier of fact could find the defendants’ conduct was negligent, and that relief for that conduct could be found under this theory of negligence. As no Massachusetts law forecloses the trier of fact from reaching that conclusion, the defendant has failed to meet its burden for summary judgment.
Second, the defendants’ argument that no genuine issue of material fact exists as to the plaintiffs claim for negligent infliction of emotional distress is unavailing. Despite the defendants’ protests, the plaintiff has put forth sufficient evidence, through medical and psychological treatment records and witness testimony, upon which a reasonable juiy could find that the defendants’ conduct caused the plaintiff emotional distress. Once the plaintiff meets its burden to pro *391 duce sufficient evidence, it is the trier of fact’s role to weigh the evidence. Bailey, 386 Mass. at 370-71.
Thus, because the plaintiff has produced sufficient evidence on each element of her negligence-based claims, and the defendants failed to either negate the plaintiffs evidence on an element or to show that no reasonable jury could find for the plaintiff, the Court denies the defendants’ motion for summary judgment as to Counts II and III.
C. Spoliation
The defendants also request that the Court grant their motion for summary judgment as a sanction against the plaintiff for alleged spoliation of evidence. More specifically, the defendants argue that the plaintiffs failure to preserve the cellular phone, and the SIM card stored therein, constitutes the spoliation of evidence, has materially prejudiced the defendants, and necessitates the exclusion of all evidence related to the text message image at trial. The defendants contend that, if the Court were to exclude this evidence, summary judgment should be granted, in whole or in part.
Spoliation is the negligent or intentional loss or destruction of evidence, which the litigant knew or should have known might be relevant to a possible lawsuit. Keene v. Brigham & Women’s Hospital, Inc., 439 Mass. 223, 234 (2003); Kippenhan v. Chaulk Services, Inc., 428 Mass. 124, 127-28 (1998). If the Court finds spoliation, the Court has discretion to impose an appropriate sanction, which should be tailored to avoid or remedy any unfair prejudice to the party who is deprived of the evidence. Wiedmann v. The Bradford Group, Inc., 444 Mass. 698, 705-06 (2005). As a general rule, the Court should impose the least severe sanction that is necessary to remedy the prejudice to the non-spoliating party. Keene, 439 Mass. at 235.
This Court denies the defendants’ request to grant the defendants’ motion for summary judgment on the plaintiffs claims due to the plaintiffs alleged spoliation of her cellular phone and.the accompanying SIM card. Assuming, but not deciding, that the plaintiffs failure to produce the aforementioned items constituted a violation of the spoliation doctrine, this conduct would not warrant the ultimate sanction available to the Court: dismissal. Instead, the Court will defer the ultimate determination as to whether plaintiff spoliated, the level of prejudice that the defendants suffered, and the appropriate sanction, if any misconduct is found, to the wisdom of the trial judge.
ORDER
For the aforementioned reasons, it is therefore ORDERED that the defendants’ motion for summary judgment be DENIED. Furthermore, it is ORDERED that the defendants’ request for sanctions is similarly DENIED.

The Court does not consider whether the plaintiff produced sufficient evidence to survive a motion for summary judgment under the theory of invasion of seclusion, as the Court finds that the plaintiff met its burden of production under the theory of public disclosure of private facts. Therefore, the Court need not consider an alternative theory in order to deny the defendants’ motion. See Ku, 53 Mass.App.Ct. at 729-30.